David Gary Gladden
P.O. Box 833
Dillingham, Alaska [99576]
907-842-5902

## District Court of the United States

## District of Alaska

| | |
|---|---|
| **David Gary Gladden,** *in propria persona* ) | **RECEIVED**<br>DEC 0 3 2010<br>**CLERK, U,S, DISTRICT COURT** |
| *Plaintiff* ) | |
| *versus* ) | |
| **City of Dillingham**, a municipal ) | |
| Corporation; ) | |
| **The United States** of the Union of the ) | |
| Several States in the Federal Constitution; ) | |
| and, ) | |
| **Donald L. Moore,** Interim City Manager of ) | |
| Dillingham, a municipal corporation; and ) | **Case** _3:10-cu-00 267- TMB_ |
| **John Does** 1-10 ) | |
| *Defendants.* ) | |

### Quiet Title Action and Complaint

Comes now David Gary Gladden, *in propria persona*, ("Gladden") with this

Quiet Title Action and Complaint.

### I. Venue

a.      The "United States" issued the **Land Patent Number 1225733 ("Land**

**Patent")** to Orville Alex Braswell on the sixteenth day of March in the year of our Lord

one thousand nine hundred and sixty-two with certain reservations contained therein

being **Attachment 1** recorded into the Recording District 307—Bristol Bay with Number

Case 3:10-cv-00267-TMB   Document 1   Filed 12/03/10   Page 1 of 39

"2002-000050-0" being page 23 of 48 by Gladden, which this Court shall take judicial Notice thereof.

      b.      The **Land Patent** was issued "pursuant to the act of Congress of May 20, 1862 (12 Stat. 392)[1], being **Attachment 2**." Within **Attachment 2**—12 Stat. 393 Sec. 2, "[A]nd the purchaser shall acquire the **absolute title** by the purchase and be entitled to a **patent from the United States**, on payment of the office fees and sum of money herein specified", which this Court shall take judicial Notice thereof of 12 Stat. 393.

      c.      This **Land Patent**[2] was included in **Attachment 3**—"**Claim to Private Land Rights**", recorded into the Recording District 307—Bristol Bay with Number "2002-000050-0" being page 23 of 48 by Gladden, which this court shall take judicial Notice of all of the "**Claim to Private Rights**" in the public record.

      d.      In this **Attachment 3—Claim to Private Land Rights**"—Gladden claims possession; **and,** he claims right of possession, *i.e.*, he claims he is the legal owner; **and,** he claims the right of property, *i.e.*, he claims he is the equitable owner, *i.e.*, he claims he is the cestui que trust.

      e.      In this **Attachment 3—Claim to Private Land Rights**"—Gladden claims to have a perfect legal title[3], wherein this is understood as having an **Allodial**[4] **Title**

---

[1] 12 Stat. 392—Chap. LXXV.—An Act to secure Homesteads to actual Settlers on the Public Domain.

[2] **Land Patent Number 1225733.**

[3] The Court shall take judicial Notice thereof—*Blackstone's Commentaries*, Vol II, Page 119 "A complete title to lands, tenements, and hereditaments. For it is an antient maxim of law, that no title is completely good, unless the right of possession be joined with the right of property; which right is then denominated a double right, *jus duplicatum,* or *droit droit.* And when to this double right the actual possession is also united, when there is, according to the expression of Fleta, *juris et jeisinae conjunctio*, then, and then only, Is the title complete legal." "Maximum of Law" cited "Mirr. *l .2. c. 27.*"; and, "*droit droit*"

Case 3:10-cv-00267-TMB   Document 1   Filed 12/03/10   Page 2 of 39

(**allodium**), also known as "**fee simple absolute**" (recorded into the Recording District 307—Bristol Bay with Number "2002-000050-0" being page 3 of 48 by Gladden) and also known as "**estate absolute**."

       f.    The *situs* of the real property of Gladden is "All that tract or parcel of land and water known as Tract J of the Braswell Subdivision, according to plat No. 80-1 located in S19, T113S, R55W, S.M. Ak., B.B.R.D. beginning at the northeast corner as stake #1, proceeding adjacent to the Kanakanak Highway southwest N 43°35' 47" E for approximately 500 feet to stake #2, then proceeding east N 89° 58' 32" E for approximately 345 feet to stake #3" ("**Real Property**") in Alaska. See **Attachment 3**-- "**Claim to Private Land Rights**", recorded into the Recording District 307—Bristol Bay with Number "2002-000050-0" being page 23 of 48 by Gladden, which this court shall take judicial Notice of all of the "**Claim to Private Rights**" in the public records.

       g.    Gladden's domicile is the **Real Property** in Alaska.

       h.    "City of Dillingham" ("**Dillingham**") Venue issues are posited in the ACLA 1949 § 16-1 to § 16-143, which this court shall take judicial Notice thereof, wherein an Elector (for voting) was limited to only those people who had an interest in property, *i.e.*, they were vested being a legal owner and/or a legal owner and an equitable owner found in ACLA 1949 § 16-1-28. ACLA 1949 § 16-1-28 was supposedly repealed on in 1957 Chapter 183 § 16.

       i.  **Dillingham** purports to be a municipal corporation first established in 1963 as a "second class city", *i.e.*, a "legal fiction" by many voters that where not within the

---

cited "Co. Litt. *266.* Braft. *l. 5. tr. c. 5.*"; and, "Fleta" cited "*l. 3. C. 15. §. 5.*"

[4] *Wallace v. Harmstad*, 44 Pa. 492, *5-*7 (Sup.Ct. Pa. 1863) holding that all lands in

boundaries of Dillingham, by Trustees of Dillingham that were not domiciled within the boundaries of Dillingham that also voted and with boundaries not established by the Executive in Western Alaska presumable in the unorganized borough of "Dillingham Borough" boundaries.

      j.     Dillingham's Venue issues are also posited in Ch. 118 SLA 1972 codification[5] process, being **Attachment 4**. This is printed in the official public documents of the "Alaska Statutes", "**Temporary and Special Acts** and Resolutions 1972." Ch. 118 SLA 1972 is clothed as a "temporary and special act" in this official public document published by the State of Alaska, which this court shall take judicial Notice thereof.

      k.     "Temporary and Special Acts" in the "Constitution of the State of Alaska" (sic) [Constitution of Alaska] are prohibited in Article II Section 19, which this Court shall take judicial Notice thereof, to wit:

> "[**ARTICLE II**] **SECTION 19. LOCAL OR SPECIAL ACTS.** The legislature shall pass no local or special act if a general act can be made applicable. Whether a general act can be made applicable shall be subject to judicial determination. Local acts necessitating appropriations by a political subdivision may not become effective unless approved by a majority of the qualified voters voting thereon in the subdivision affected."

---

Pennsylvania were allodial also discussing lands after the Revolution.

[5] *The Institutes—A textbook of the History and System of Roman Private Law by Rudolph Solm, Third Edition, 1970,* "The formal effect of codification is to set aside the existing law in its entirety, as far as the territory affected is concerned, and to substitute for all the laws transmitted from the pat into a single new code."

Case 3:10-cv-00267-TMB   Document 1   Filed 12/03/10   Page 4 of 39

l.       Dillingham's Venue issues are also posited in Ch. 118 SLA 1972 wherein this Act **was not enrolled**[6] as evidenced by this excerpt, being **Attachment 5 ("A5")** (NOTE: Gladden will gladly provide the Complete Certified Copy to the Court of Ch. 118 SLA 1972 if Required or at an Evidentiary Hearing) consisting of a copy of the certification statement by a Paul Stephen McCarthy, Acting State Archivist attached and the very first page of Ch. 118 SLA 1972—(**A5 P1**) "I, the undersigned certify that this is a true and full copy of RG 34, Series 13, Box 5226, File: 1972 SLA Chapter 118 (152) on file in the Alaska State Archives this the 1st day of November , 2001 at Juneau, Alaska" and the very last two certified pages being the signature page 149 for the bill and the (**A5 P4**) "Authentication" page that states "The following officers of the Legislature certify that the attached **engrossed** bill, FCCS SCS CS HOUSE BILL 208, consisting of 149 pages, was passed in conformity with the requirements of the constitution and laws of the State of Alaska and **the Uniform Rules of the Legislature**." In **A5 P2** "NOTE: The Enrollment of FCCS SCS CSHB 208 was waived under provision of Uniform Rule 44(b)" The excerpt "snapshot" of the Uniform Rules of 1972 Rule 44(b) is as follows, to wit:

---

[6] *Marshall Field & Co. v. Clark*, 143 U.S. 649, 671-673 (1892) "[T]he enrolled act * * * The conclusion was that upon grounds of public policy, as well as upon the ancient and well-settled rules of law, a copy of a bill bearing the signatures of the presiding officers of the two houses of the legislature and the approval of the governor, and found in the custody of the secretary of state, was conclusive proof of the enactment and contents of a statute, and could not be contradicted by the legislative journals or in any other mode."; *Nueces County v. King*, 350 S.W.2d 385, 387 (Tex.Civ.App. 1961) Under "enrolled bill rule" it is conclusively presumed that statute, as authenticated and deposited in Secretary of State's office, is precisely same as enacted by Legislature and courts will not go behind enrolled bill.

Case 3:10-cv-00267-TMB   Document 1   Filed 12/03/10   Page 5 of 39

**Enrollment**

RULE 44. a. When a bill has passed both houses, the presiding officer of the house of origin directs that it be enrolled. The clerk or secretary transmits the engrossed bill to the enrolling secretary of the Legislature who, with the staff of the Legislative Council, has the bill checked for form and legal content before placement in final form according to the legislative drafting manual. The enrolling secretary is authorized to correct form and typographical errors and is required to correct and report correction of errors in substance when the bill is returned to the clerk or secretary of the house of origin. When a substantive correction has been made and reported, the clerk or secretary shall advise the presiding officers of both houses before the bill is signed and transmitted to the Governor.

b. Bills consisting of several pages need not be formally enrolled if the presiding officer in his discretion announces that, for reasons of economy and time, formal enrollment is being waived. If enrollment is waived and the presiding officer of the other house consents, the first page and signatory page of the bill will be enrolled and then affixed to the engrossed bill along with any certified amendments and, when signed by the officers of both houses, will be transmitted to the Governor with a letter noting that enrollment was waived. Engrossment of such bills may also be waived in the same manner.

As evidenced by the excerpt in **Attachment 5**, Ch. 118 SLA 1972 **was never "enrolled"** and did not comply with Rule 43(b) "**If enrollment is waived**, and the presiding officer of the other house consents, **the first page and signatory pages of the bill will be enrolled** and then affixed to the engrossed bill along **with any certified amendments** and when signed by the officers of both houses will be transmitted to the governor with a letter noting that enrollment was waived. **Engrossment of such bills may also be waived in the same manner.**"

k.     In Ch. 118 SLA 1972, **Dillingham** by this Act became a "first class city", wherein a vote for any purported "sales tax" was required by Chapter 53 of Ch. 118 SLA

1972[7]. There was no vote by the "registered voters" domiciled in **Dillingham** boundaries for a "sales tax."

      l.      **Dillingham Ordinance "Serial No. 77-10"** was Adopted July 7, 1977 signed by "Freeman A. Roberts, Mayor" as evidenced by the true and correct copy obtained from the custodian of the records in **Dillingham**, being **Attachment 6 (NOTE: A true and correct copy <u>Certified by the Custodian</u> of the Records in Dillingham will be obtained and entered into Evidence or at an Evidentiary Hearing),** which this Court is to take judicial Notice thereof.

      m.  In **Dillingham Ordinance "Serial No. 77-10"** being **Attachment 6** was Adopted July 7, 1977, to wit:

> Section 2.  A Title 8 – Taxation and special Assessments, as more particularly set forth in **Exhibit A attached** hereto, is adopted as part of the Dillingham Code of Ordinances.
> Section 3.  **The following City of Dillingham ordinances are repealed**:
>       Ordinance No. 1 – Real and Personal Property Tax
>       Ordinance No. 4 – Collection of Personal Property Tax
>       Ordinance No. 74-2 – Due and Delinquent Dates for Property
>           Taxes
>       **Ordinance No. 13 – Sales Tax**
>       **<u>Amendments "A", "B", "C" and "D" to Ordinance No. 13 – Sales Tax.</u>**
> Section 4.  This ordinance is effective upon the date of its adoption.
> (Emphasis added)

      n.      **Dillingham** will not produce "**Exhibit A attached**" to "**Serial No. 77-10.**" Although some judicial decisions concerning this issue exist, the Attorney didn't object to merely "hearsay[8]" that this "**Exhibit A attached**" has been seen—but not even

---

[7] (NOTE: Gladden will gladly provide the Complete Certified Copy to the Court of Ch. 118 SLA 1972 if Required or at an Evidentiary Hearing)

[8] *Donnelly v. United States*, 228 U.S. 243, 276-277 (1913) citing *Queen v. Hepburn*, 7 Cranch 290, 295 (1813), to wit:

who has seen it! There is no "conclusive evidence" being the certification by the

---

**\*\*461 Queen v. Hepburn (1813) 7 Cranch, 290, 295, 3 L. ed. 348, 349,** was a suit in which the petitioners claimed freedom, and certain depositions were rejected by the trial court as hearsay. This court, speaking through Chief Justice Marshall, said: **'These several opinions of the court [meaning the trial court] depend on one general principle, the decision of which determines them all. It is this: that hearsay evidence is incompetent to establish any specific fact, which fact is in its nature susceptible of being proved by witnesses who speak from their own knowledge. . . .** It was very justly observed by a great judge [FN4] that **'all questions upon the rules of evidence are of vast importance to all orders and degrees of men; our lives, our liberty, and our property are all concerned in the support of these rules, which have been matured by the wisdom of ages, and are no revered from their antiquity and the good sense in which they are founded.'** **One of these rules is that 'hearsay' evidence is in its own nature inadmissible.** That this species of testimony supposes some better testimony which might be adduced in the particular case is not the sole ground of its exclusion. **It intrinsic weakness, its incompetency to satisfy the mind of the existence of the fact, and the frauds which might be practised under its cover, combine to support the rule that hearsay evidence is totally inaddmissible. . . . The danger of admitting hearsay evidence is sufficient to admonish courts of justice against lightly yielding to the \*277 introduction of fresh exceptions to an old and well-established rule, the value of which is felt and acknowledged by all.** If the circumstance that the eyewitnesses of any fact be dead should justify the introduction of testimony to establish that fact from hearsay, no man could feel safe in any property, a claim to which might be supported by proof so easily obtained. . . . This court is not inclined to extend the exceptions further than they have already been carried.'

> FN4 The reference is to the opinion of Lord Kenyon, Ch. J., in Rex v. Eriswell (1790) 3 T. R. 721.

***This decision was adhered to in*** *Davis v. Wood* (1816) 1 Wheat. 6, 8, 4 L. ed. 22, 23; *Scott v. Ratliffe* (1831) 5 Pet. 81, 86, 8 L. ed. 54, 55; *Ellicott v. Pearl* (1836) 10 Pet. 412, 436, 437, 9 L. ed. 475, 485, 486; *Wilson v. Simpson* (1850) 9 How. 109, 121, 13 L. ed. 66, 71; *Hopt v. Utah* (1884) 110 U. S. 574, 581, 28 L. ed. 262, 265, 4 Sup. Ct. Rep. 202, 4 Am. Crim. Rep. 417. And see *United States v. Mulholland*, 50 Fed. 413, 419. *[Emphasis added]*

See also *Hopt v. People*, 110 U.S. 574, 582 (1884); *Scott's Lessee v. Ratliffe*, 30 U.S. 81 (1831); *Wong Yee Toon v. Stump*, 233 F. 194, 197 (4th Cir. 1916); *Hauger v. United States*, 173 F. 54, 58-59 (4th Cir. 1909);

Case 3:10-cv-00267-TMB   Document 1   Filed 12/03/10   Page 8 of 39

Custodian of the Records of this **"Exhibit A attached"** to **"Serial No. 77-10"**; and, there

is no "clear and convincing evidence" of **"Exhibit A attached"** to **"Serial No. 77-10."**

**"Exhibit A attached"** to **"Serial No. 77-10's"** mere existence does not rise to the

"Preponderance of Evidence" or even the "Balance of Probabilities.[9]" Fact: **"Exhibit A**

**attached"** to **"Serial No. 77-10** <u>does not exist</u>. All of the Real and Personal Property

Tax and Sales Taxes are precluded to be put into effect[10] without **"Exhibit A attached"**

to **"Serial No. 77-10"** as a *matter of law*, and by Operation of Law.[11]

      o.    Dillingham's Venue issues are also posited in **Attachment 7**, Ch. 74 SLA

1985 codification[12] process. This is printed in the official public documents of the

"Alaska Statutes", "<u>**Temporary and Special Acts**</u> and Resolves 1985." Ch. 74 SLA

1985 is clothed as a "temporary and special act" in this official public document

published by the State of Alaska, which this court shall take judicial Notice thereof.

---

*Hanfelt v. United States*, 53 F.2d 811, 813 (8th Cir. 1931).

[9] *Theriault v. Burnham, Sr.*, 2 A.3d 324, 327 (Sup.Jud.Ct. Maine 2010) "**[A] disputable presumption persists until the contrary evidence persuades the factfinder that the <u>balance of probabilities</u> is in equilibrium, or, stated otherwise, until the evidence satisfies the jury or factfinder that it is as probable that the presumed fact does not exist as that it does exist.**

[10] *Ut res magis valeat quam pereat.* See *United States v. Hammond*, 1 Cranch C.C. 15, 26 F.Cas. 96, 97 (1801)

[11] *United States v. Hammond*, 1 Cranch C.C. 15, 26 F.Cas. 96, 97 (1801) "No repugnancy or absurdity shall be presumed, **especially in a statute**, if the words will bear such a construction as to avoid it. **All** instruments and **statutes shall be so construed**, *ut res magis valeat quam pereat*." See *Crowther v. Fidelity Insurance , Trust & Safe-Deposit Co.*, 85 F. 41, 42, 43 (4th Cir. 1898).

[12] *The Institutes—A textbook of the History and System of Roman Private Law by Rudolph Solm, Third Edition, 1970,* "The formal effect of codification is to set aside the existing law in its entirety, as far as the territory affected is concerned, and to substitute for all the laws transmitted from the pat into a single new code."

Case 3:10-cv-00267-TMB   Document 1   Filed 12/03/10   Page 9 of 39

p.     Dillingham's Venue issues are also posited in **Attachment 8**, Ch. 52 SLA 1963 "AN ACT Relating to the Incorporation of Organized Boroughs and Providing Certain Grants to Boroughs", which this Court shall take judicial Notice thereof. Article II of Ch. 52 SLA 1963 deals with "**Patents**" and the "Department of Natural Resources" ("DNR"). DNR is not identified if this is part of the "STATE OF ALASKA" ("SOA") but presumably it is. Also questioned are the issues of "Election Districts" in Ch. 52 SLA 1963.

q.     Dillingham's Venue issues are also tied into **Attachment 9,** Proof of Publication on October 11, 2001, October 12, 2001 and October 13, 2001 of his Claim to Private Land Rights recorded after 90 days remembering he received no response. This is recorded in the Recording District 307—Bristol Bay on March 1, 2002, which this court shall take judicial Notice thereof including the complete Record filed at that time.

r.     Dillingham's Venue issues are also tied to the **Attachment 10**, the "Clerk's Deed" being a true and correct copy that this Court shall take judicial Notice thereof. In this Clerk's "**IT IS HEREBY ORDERED** that **all rights, title, and interest** of the **former owner** of the below-listed property is **hereby conveyed**, to the City of Dillingham, Alaska, P.O. Box 889, Dillingham, Alaska 99576: BRASWELL LTRJ, located in the City of Dillingham, Bristol Bay Recording District, State of Alaska" signed by some "Clerk of Court" who holds no "public office" and said Seal of this Court is not a true Court of Record arising under any constitutions or laws of the several States. So does this "Clerk's Deed" have any validity in the venue of the several States to affect Gladden's **Private Property** and Perfect Legal Title?

Case 3:10-cv-00267-TMB   Document 1   Filed 12/03/10   Page 10 of 39

s.      Dillingham's Venue issues are also tied to the **Attachment 10**, the "Clerk's Deed" being a true and correct copy that this Court shall take judicial Notice thereof. In this Clerk's "**IT IS HEREBY ORDERED** that all rights, title, and interest of the former owner of the below-listed property is **hereby conveyed**, to the City of Dillingham, Alaska, P.O. Box 889, Dillingham, Alaska 99576:   BRASWELL LTRJ, located in the City of Dillingham, Bristol Bay Recording District, State of Alaska" signed by some "Clerk of Court."   A "conveyance[13]" does create a "cloud on title", either legal or equitable.

t.      Dillingham's Venue issues are also tied to **Attachment 10**, the "Clerks Deed", *supra*, "that **all rights, title, and interest** of the former **owner** of the below-listed property is hereby **conveyed to the City of Dillingham**."   Does this "Clerks Deed" vest in a legal fiction being Dillingham (1) with possession; and, (2) with the right of possession, *i.e.*, becoming the "legal owner"; and, (3) with the right of property, *i.e.*, becoming the equitable owner, *i.e.*, cestui que trust?   Or is some part of the **Real Property** still vested in Gladden's perfect Legal Title clouding his Title, or is it all extinguished according to Law?

u.      Dillingham's Venue issues are also tied to **Attachment 10**, the "Clerks Deed", *supra*, "that **all rights, title, and interest** of the former **owner** of the below-listed property is hereby **conveyed to the City of Dillingham**."   Is this "Clerks Deed" "all **rights, title, and interest**" equivalent to the **Land Patent Number 1225733** included in **Attachment 2**—"**Claim to Private Land Rights**", recorded into the Recording District

---

[13] *Parker v. Vallerand*, 8 A.2d 594, 594 (Sup.Ct. Maine 1939);  *Westerlund v. Black Bear Min. Co.*, 203 F. 599, 601 (8th Cir. 1913);  *Best Inv. Co. V. Parkhill*, 429 S.W.2d 531, 534

Case 3:10-cv-00267-TMB   Document 1   Filed 12/03/10   Page 11 of 39

307—Bristol Bay with Number "2002-000050-0" being page 23 of 48 that the "United States" used to transfer presumably **"Absolute Title"** with reservations within said **Land Patent** to Braswell under the authority of the Statue of the United States at 12 Stat. 392—Chap. LXXV.—An Act to secure Homesteads to actual Settlers on the Public Domain?

v.　　Dillingham's Venue issues are also tied into **Attachment 10**, the "Clerks Deed" being does it vest in the City of Dillingham the **Real Property** being **Allodial Title (allodium)**, also known as **"fee simple absolute"** and also known as **"estate absolute"**, *i.e.*, a perfect Legal Title[14] clouding Gladden's Title, *i.e.*, perfect Legal Title, including any and all commercial interest(s) known or unknown?

x.　　Dillingham's Venue issues are also tied to **Attachment 11**, "**NOTICE TO QUIT**[15], NOTICE TO OCCUPANT OF TERMINATION OF POSSESSION" signed by Donald L. Moore, Interim City Manager dated November 5, 2010. Does the "Notice to Quit" affect Gladdens affect Gladden's **Allodial Title (allodium)**, also known as **"fee simple absolute"** and also known as **"estate absolute"**, *i.e.*, a perfect Legal Title clouding Gladden's Title, *i.e.*, perfect Legal Title, including any and all commercial interest(s) known or unknown?

---

(Tex. Civ. App. 1968).

[14] The Court shall take judicial Notice thereof—*Blackstone's Commentaries*, Vol II, Page 119 "A complete title to lands, tenements, and hereditaments. For it is an antient maxim of law, that no title is completely good, unless the right of possession be joined with the right of property; which right is then denominated a double right, *jus duplicatum,* or *droit droit.* And when to this double right the actual possession is also united, when there is, according to the expression of Fleta, *juris et jeisinae conjunctio*, then, and then only, Is the title complete legal." "Maximum of Law" cited "Mirr. *1 .2. c. 27.*"; and, "*droit droit*" cited "Co. Litt. *266.* Braft. *l. 5. tr. c. 5.*"; and, "Fleta" cited "*l. 3. C. 15. §. 5*

[15] A "Notice to Quit" in the © Alaska Statutes is used in a Landlord/Tenant situations only.

Case 3:10-cv-00267-TMB　Document 1　Filed 12/03/10　Page 12 of 39

y.      Dillingham's Venue issues are also tied to **Attachment 11**, "**NOTICE TO QUIT,** NOTICE TO OCCUPANT OF TERMINATION OF POSSESSION" signed by Donald L. Moore, Interim City Manager dated November 5, 2010.  Does this affect Gladden's (1) possession; and, (2) his right of possession, *i.e.*, him being the "legal owner"; and, (3) his right of property, *i.e.*, him being the equitable owner, *i.e.*, him being the cestui que trust?

z.      Dillingham's Venue issues are also tied to **Attachment 11**, "NOTICE TO QUIT, NOTICE TO OCCUPANT OF **TERMINATION OF POSSESSION**" signed by Donald L. Moore, Interim City Manager dated November 5, 2010.  Does the "Termination of Possession" affect Gladden's **Allodial Title (allodium)**, also known as "**fee simple absolute**" and also known as "**estate absolute**", *i.e.*, a perfect Legal Title clouding Gladden's Title, *i.e.*, perfect Legal Title, including any and all commercial interest(s) known or unknown? Does this affect Gladden's (1) possession; and, (2) the right of possession, *i.e.*, being the "legal owner"; and, (3) the right of property, *i.e.*, being the equitable owner, *i.e.*, cestui que trust?

aa.      Dillingham's Venue issues are also tied into **Attachment 12,** Gladden's "Notice of Understanding with Intent to my Claim of Right(s) without prejudice" ("Notice of Understanding") recorded in the Recording District 307—Bristol Bay with number 2010-000723-0 that was sent certified delivery to the Lieutenant Governor Campbell in Juneau—7006-0810-0006-7380-7984; and, certified delivery to "City of Dillingham, Attn: Mayor Alice Ruby c/o Boyd, Chandler, & Falconer, LLP—7006-0810-0006-7380-7991" on or about September 27, 2010.  Included in this Notice of Understanding was Gladden's claim to "**Fee Simple Absolute**" **Attachment 12, pg 8 of**

**14** (7 of 12 of 2010-000-723-0). Gladden received no response from these parties served with this Notice of Understanding.

bb. Dillingham's Venue issues are also tied to **Attachment 12, page 11 of 14**, Notice of Understanding, filed into Recording District 307—Bristol Bay with number 2010-000723-0, where Boyd, Chandler and Falconer, LLP in their letter dated September 20th, 2010 to Gladden claim "THE CITY OF DILLINGHAM IS NOW THE OWNER OF THE ABOVE-DESCRIBED PROPERTY" and to "get off the property." This Court shall take judicial Notice of this Letter and the "threats" by presumably members of the Alaska Bar.

cc. Dillingham's Venue issues are also tied into **Attachment 13**, "Certificate of Political Status, Citizen Status and Allegiance" file into the Recording District 307—Bristol Bay with number 2007-000797-0 December 31st, 2007, which this Court shall take judicial Notice thereof. Gladden clearly delineates his political status, his citizen status and allegiance that he is not a "**citizen of the United States**" as used under 14 Stat. 27 codified in 42 U.S.C. §§§ 1981, 1982 and 1988 and only under the law of necessity enters into that status/jurisdiction. Gladden is prohibited from being a "registered voter" in Alaska and in Dillingham because of his citizen status.

dd. The "residents" of **Dillingham** (members of the municipal corporation) are all "registered voters", which is limited to strictly being a "**citizen of the United States**" as evidenced by a true and correct copy of the STATE OF ALASKA VOTER REGISTRATION APPLICATION being **Attachment 14**, which this Court shall take judicial Notice thereof. In Box 1 "You must complete this section for registration" and to qualify to vote within the State of Alaska and Dillingham you be a "citizen of the

United States." This **Attachment 13** has very strict penalties at the bottom above your signature, to wit:

> Voter Certificate. Read and Sign: I certify, **under penalty of perjury**, that the above information I provided on this document is true and correct. I am not registered to vote in another state, or I have provided information to cancel that registration. I further certify that I am a resident of Alaska and I have not been convicted of a felony, or having been so convicted, have been unconditionally discharged from incarceration, probation and/or parole. **WARNING: If you provide false information on this application you can be convicted of a misdemeanor AS 15.56.050.**

ff.    **Dillingham's** Venue issues are that it may be constitutional to legislate for a specific class of person being "citizens of the United States", but Gladden is precluded from this class including the purported benefits, the privileges and immunities of being a citizen of the United States and "legal duties" of this particular class.

gg.    **Dillingham's** Venue issues are also tied to the "Constitution of the State of Alaska" (sic) Article IX "Section 5.    **INTERESTS IN GOVERNMENT PROPERTY**.  Private leaseholds, contracts, or interest in land or property **owned or held by the United States, the State or its political subdivision**, shall be taxable to the extent of the interests**."

hh.    **Dillingham's** Venue issues are also tied an "Transfer of Property ownership and Notice to Quit" dated November 12, 2010 under the Letterhead of "City of Dillingham" signed by a **Donald L. Moore**, Interim City Manager, being **Attachment 15**, which this Court shall take judicial Notice thereof.  In this "Transfer of Property ownership and Notice to Quit" signed by a **Donald L. Moore** states as fact "[T]he city received a deed and became the **legal owner of the property known as the Gladden**

**Apartment.**" How does this Cloud the Gladden's Perfect Title remembering that a "legal owner[16]" is but one part of a Perfect Legal Title.

    ii.    **Dillingham's** Venue issues are also tied to **Donald L. Moore**, Interim City Manager, who is not a public officer[17] of any of any of the several States, has not

---

[16] *Wells Fargo Bank,* N.A., *et al v. Sessley et al*, 935 N.E.2d 70, 83(Ct.App. Ohio 2010) "**The law recognizes two kinds of ownership, equitable and legal.** An "equitable owner" is one who is recognized in equity as the owner of the property, because the real and beneficial use and title belong to him, although the bare **legal title** is invested in another. A "**legal owner**" is one in whom the **legal title** to real estate is vested, but subject to the rights of any equitable owner.

[17] In the adjudged decision of *State v. Hawkins*, 257 P. 411, 413-418 (Sup. Ct. Mont. 1927) is an exhaustive examination of the essential elements to be a "public Officer" of a civil nature in any of the several States and the requirements pertaining to the creation of an "Office" in any of the several States based upon the holdings of many decisions of numerous courts of the several States which are omitted for brevity, but are relied upon, and this holding is ibid at 418, to wit:

> After an exhaustive examination of the authorities, we hold that five elements are indispensable in any position of public employment, in order to make it **a public office of a civil nature**: (1) It **must be created by the Constitution or by the Legislature** or created by a municipality or other body through authority conferred by the Legislature; (2) it **must possess a delegation of a portion of the sovereign power of government**, to be exercised for the benefit of the public; (3) the **powers conferred, and the duties to be discharged, must be defined, directly or impliedly, by the Legislature or through legislative authority**; (4) the **duties must be performed independently and without control of a superior power, other than the law**, unless they be those of an inferior or subordinate office, created or authorized by the Legislature, and by it placed under the general control of a superior officer or body; (5) it **must have some permanency and continuity**, and not be only temporary or occasional. In addition, in this state, **an officer must take and file an official oath, hold a commission or other written authority, and give an official bond, if the latter be required by proper authority.** *[Emphasis added]*

This Court may not presume the existence that any of the Defendants are in fact either judicial Officers of the several States or executive Officers of the several States, *ibid* at 414, " . . . we may not presume he is an officer; it must be shown. \* \* \* It must appear in the record" (citations omitted).

"office" created by the constitution or the legislature, has no certificate of election from any of the citizens of any of the several States, has no Oath of Office as a public Officer as mandated by the Constitution of Alaska in Article XII section5 and exercises no part of the sovereign Power of any of the several States.

jj. **Dillingham's** Venue issues are also tied to **Donald L. Moore**, Interim City Manager, wherein all parties who claim to be public Officers are deemed to know the law[18]. So does this statement that the City of Dillingham by Donald L. Moore mean that Gladden has somehow relinquished being only the "legal owner" retaining being the "equitable owner", *i.e.*, the right of property?

## II. Parties

a. **"David Gary Gladden"** ("Gladden") is an American citizen, citizen of the United States of America, white citizen, natural born and native of the foreign state of Vermont (a Vermonter) domiciled in the territorial boundaries of Alaska. If the "State of Alaska" is one of the several States that came into the Union of States as "one of the United States of America" and on a "equal footing with the original States", then Gladden is a "citizen of Alaska." Gladden in not a "citizen of the United States" nor is he a "resident of Alaska" or "resident of the State of Alaska."

---

[18] *Groh v. Ramirez*, 540 U.S. 551, 563, 564 (2004) "If the law was clearly established . . . a reasonably competent public official should know the law governing his conduct." Citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818-819 (1982); *State of Ohio v. Davis*, 584 N.E.2d 1192, 1196 (Sup.Ct. Ohio 1992) "**Judges**, unlike juries, **are presumed to know the law**."; *Leary v. Gledhill*, 84 A.2d 725, 728 (Sup.Ct. NJ 1951) "A court will in general take judicial notice of and apply the law of its own jurisdiction without pleading or proof thereof, the judges being deemed to know the law or at least where it is to be found."

b.     The **"CITY OF DILLINGHAM"** ("Dillingham") claims to be a municipal corporation and a "First Class City" with no Municipal Charter except as codified in the © AS 29.  It is unknown the exact status of this fictional entity. Dillingham's legal existence is considered within unorganized borough boundaries of the "Dillingham Borough."

c.     **"United States"** is "the collective name of the states which are united by and under the Constitution"[19], *i.e.*, the Federal Constitution.  **R. A. Mitchell** was at all times an employee of the Government of the United States as evidenced by her Form 61. **Regina Owens** was at all times an employee of the Government of the United States.

d.     **Donald L. Moore,** ("Moore') Interim City Manager of Dillingham, a municipal corporation is a "citizen of the United States" and a "resident of Alaska." Moore is not a "public officer", holds no "Office" with power and duties under any legislature of any the several States, exercises no sovereign Power of any of the several States, and is a mere employee.

f.     **John Does 1-10**, parties yet to be discovered as defendants.

### III. Jurisdiction

a.  This case is clothed with a minimum of four United States Code jurisdictions as the issues in this Care are inextricably intertwined, wherein if separate cases were filed they would be joined into one case in this Court.

b.     The issues of **Jurisdiction** in this Case are also tied into the **Venue issues,** *supra* and will not be duplicated.

---

[19] *Hooven v. Allison Co.*, 324 U.S. 652, 671, 672 (1945).

b.     This Case is brought under the jurisdiction of **28 U.S.C. § 2409a.—Real property quiet title actions** to determine if the United States in the **Land Patent Number 1225733 ("Land Patent")** to Orville Alex Braswell ("Braswell") on the sixteenth day of March in the year of our Lord one thousand nine hundred and sixty-two with certain reservations contained therein did transfer and pass to Braswell **Allodial Title (allodium)**, also known as "**fee simple absolute**" and also known as "**estate absolute**", *i.e.*, a perfect Legal Title[20].

c.     Under § 2409a a determination is required to quiet the title if any "interests" or "rights" unknown to Braswell, including the right of possession or legal owner status were retained or posited in the "United States"; and/or, is right of property, equitable owner or cestui que trust retained or posited in the "United States" in some manner; or, has the "United States" clouded this **Real Property** with some unknown or undisclosed commercial paper or commercial interests; or, has the United States put this up as collateral in some unknown or undisclosed transaction(s).

d.     This **Land Patent**[21] was included in **Attachment 3—"Claim to Private Land Rights"**, recorded into the Recording District 307—Bristol Bay with Number "2002-

---

[20] The Court shall take judicial Notice thereof—*Blackstone's Commentaries*, Vol II, Page 119 "A complete title to lands, tenements, and hereditaments. For it is an antient maxim of law, that no title is completely good, unless the right of possession be joined with the right of property; which right is then denominated a double right, *jus duplicatum,* or *droit droit.* And when to this double right the actual possession is also united, when there is, according to the expression of Fleta, *juris et jeisinae conjunctio*, then, and then only, Is the title complete legal." "Maximum of Law" cited "Mirr. *1 .2. c. 27.*"; and, "*droit droit*" cited "Co. Litt. *266.* Braft. *l. 5. tr. c. 5.*"; and, "Fleta" cited "*l. 3. C. 15. §. 5*

[21] **Land Patent Number 1225733.**

Case 3:10-cv-00267-TMB   Document 1   Filed 12/03/10   Page 19 of 39

000050-0" being page 23 of 48 by Gladden, which this court shall take judicial Notice of all of the **"Claim to Private Rights"** in the public records.

      e.     What is the status of the **Real Property** claimed by Gladden including legal owner and equitable owner?

      f.     Does the "United States" have any "interests" or "rights" including the right of possession or legal owner status that were retained or posited in the "United States"; and/or, is the right of property, equitable owner or cestui que trust retained or posited in the "United States" in some manner; or, has the "United States" clouded this **Real Property** with some unknown or undisclosed commercial paper or commercial interests; or, has the United States put this Real Property up as collateral in some unknown or undisclosed transaction(s)? Remembering that the "United States" is included in **Article IX Section 5** of the Constitution of the State of Alaska on taxation of "private interests."

      g.     Did the United States transfer some interests" or "rights" including the right of possession or legal owner status that were retained or posited in the "United States" to Dillingham?

      h.     Did the United States transfer some interests" or "rights" including the right of property, equitable owner or cestui que trust retained or posited in the "United States" in some manner to Dillingham?

      i.     Did the United States transfer to Dillingham some interests" or "rights" clouding this **Real Property** with some unknown or undisclosed commercial paper or commercial interests?

      j.     Did the United States transfer to Dillingham some interests" or "rights"

clouding this **Real Property** using it as collateral in some unknown or undisclosed transaction(s) somehow attached to Dillingham?

   k. Is Gladden's **Real Property** is a perfect Legal Title wherein it is **Allodial Title (allodium)**, also known as "**fee simple absolute**" and also known as "**estate absolute**." Remembering that "feudal tenure" is prohibited in any of the several States and the United States.

   l. What "interests" or "rights" in Gladden's **Real Property** does Dillingham or any other party claim for taxation including any hidden claims such as having utilities?

   m. Is there a cloud on Gladden's **Real Property** concerning any "interests" or any "rights?"

   n. Can Dillingham claims to be a "legal owner" by a mere clerks deed, *i.e.*, have the right of possession only with the right of property, *i.e.*, the equitable owner, *i.e.*, the cestui que trust being held by Gladden?

### Brief History of the Real Property

   a. As established in the preceding issues of Venue and Jurisdiction the "United States" issued the **Land Patent Number 1225733 ("Land Patent")** to Orville Alex Braswell on the sixteenth day of March in the year of our Lord one thousand nine hundred and sixty-two with certain reservations contained therein being **Attachment 1** recorded into the Recording District 307—Bristol Bay with Number "2002-000050-0" being page 23 of 48 by Gladden.

   b. In **Attachment 3—Claim to Private Land Rights"**—Gladden claims possession; **and,** he claims right of possession, *i.e.*, he claims he is the legal owner; **and,** he claims the right of property, *i.e.*, he claims he is the equitable owner, *i.e.*, he claims he

Case 3:10-cv-00267-TMB Document 1 Filed 12/03/10 Page 21 of 39

is the cestui que trust. In this **Attachment 3—Claim to Private Land Rights**"—Gladden claims to have a perfect legal title[22], wherein this is understood as having an **Allodial[23] Title (allodium)**, also known as **"fee simple absolute"** (recorded into the Recording District 307—Bristol Bay with Number "2002-000050-0" being page 3 of 48 by Gladden) and also known as **"estate absolute."**

      c.     The *situs* of the real property of Gladden is "All that tract or parcel of land and water known as Tract J of the Braswell Subdivision, according to plat No. 80-1 located in S19, T113S, R55W, S.M. Ak., B.B.R.D. beginning at the northeast corner as stake #1, proceeding adjacent to the Kanakanak Highway southwest N 43°35' 47" E for approximately 500 feet to stake #2, then proceeding east N 89° 58' 32" E for approximately 345 feet to stake #3" ("**Real Property**") in Alaska. See **Attachment 3— "Claim to Private Land Rights"**, recorded into the Recording District 307—Bristol Bay with Number "2002-000050-0" being page 23 of 48 by Gladden, which this court shall take judicial Notice of all of the "**Claim to Private Rights**" in the public records. Gladden's domicile is the **Real Property** in Alaska.

      d.     **Dillingham**, *supra*, (itemized out in the required Venue and Jurisdiction for **Dillingham**) is making all sorts of claims against Gladden clouding his perfect Legal

---

[22] The Court shall take judicial Notice thereof—*Blackstone's Commentaries*, Vol II, Page 119 "A complete title to lands, tenements, and hereditaments. For it is an antient maxim of law, that no title is completely good, unless the right of possession be joined with the right of property; which right is then denominated a double right, *jus duplicatum*, or *droit droit*. And when to this double right the actual possession is also united, when there is, according to the expression of Fleta, *juris et jeisinae conjunctio*, then, and then only, Is the title complete legal." "Maximum of Law" cited "Mirr. *l .2. c. 27.*"; and, *"droit droit"* cited "Co. Litt. *266.* Braft. *l. 5. tr. c. 5.*"; and, "Fleta" cited *"l. 3. C. 15. §. 5."*

[23] *Wallace v. Harmstad*, 44 Pa. 492, *5-*7 (Sup.Ct. Pa. 1863) holding that all lands in Pennsylvania were allodial also discussing lands after the Revolution.

Title. **Dillingham's** claims are fatally flawed; first, the mere "legal existence" of **Dillingham** as a "first class" city requires that it was properly incorporated as a "second class city which did not happen due to substantive irregularities by people voting that by the Law would be precluded and boundaries issues especially with Wood River, and, second, its purported authority the "Sales Tax" in **Ordinance 77-10's A attachment** does not exist; and, third, there was never a vote by the people in Dillingham for a Sales Tax in 1972 as mandated in Ch. 118 SLA 1972 Chapter 53. Municipal Assessment and Taxation[24]. The existence of the mandated Record of **Attachment A of Dillingham's Ordinance 77-10 Attachment A** has been litigated with **NO conclusive evidence being a certified true and correct copy by the custodian of the ORDINANCES in Dillingham has been provided**; and, **NO evidence under the "clear and convincing evidence" standard has been provided to date remembering that is it admitted by Dillingham that Attachment A to ORDINANCE 77-10 does not exist.**

Therefore, Gladden does submit to this Court to Quiet the Title on the **Real Property**, wherein he claims to have a Perfect Legal Title.

### IV. Jurisdiction of 28 U.S.C. § 1346

a.    The district courts shall have original jurisdiction of any civil action of any **internal-revenue tax alleged to have been illegally assessed** and exclusive original jurisdiction of civil actions under **§ 2409a to quiet title** an estate or interest in real property.

---

[24] NOTE: A complete Certified Copy consisting of 149 pages which will be provided to the Court if required. Also Gladden has a copy of the explanation and intent of the Legislature of Ch. 118 SLA 1972 copied from the official Session Laws of Alaska

b.    There is filed against the **Real Property** being **Attachment 16**, a **Notice of Federal Tax Lien** ("NFTL") **with SN 378449607** in the Recording District of Bristol Bay claiming Dates of "**Assessment**" of 11/15/2004 and 10/24/2005 for an amount of $12,760.00. This issue clouds the Title of the **Real Property**.

c.    Rules and Regulations are mandated by Congress in the Federal Register Act of 1935[25] to be published in the Federal Register. Congress mandated that the Federal Register Act be implemented the "Administrative Committee"[26] by "regulations for carrying out the provision of this Act." The Administrative Committee implemented the Federal Register Act by regulations with the latest publication in 37 FR 23602-23615 (1972) as amended and published the 1 CFRs. If there are any regulations promulgated as mandated for "assessment" (§ 6203), the Administrative Committee prescribes where we can conclusively find any such "assessment" regulation promulgated under the specific authority of 26 U.S.C. § 6203 (Code). The controlling regulation is **1 CFR § 21.43**[27] on "Placing and amending authority citations", which defines the requirement of citations, i.e. statutory authorities, to be located behind the Table of Contents ("TOC") for a complete CFR part or subpart.

d.    As there are no rules or regulations promulgated for "Assessment" under the Authority of 26 U.S.C. § 6203 behind the Table of Contents as mandated by 1 CFR § 21.43 (or anywhere in the Federal Register) precluding any "legal duty" in existence for Gladden and precluding any lawful and legal existence of a valid **NFTL with SN 378449607** therein flows *a fortiori* rendering the **NFTL with SN 378449607** with the facsimile signature of **R. A. Mitchell** for **Regina Owens** being **invalid** which is filed into the Recording District of Bristol Bay, Anchorage, Alaska unlawfully and illegally

---

consisting of 217 pages. These can also be provided at an **evidentiary hearing, which Gladden does also request in this Case.**

[25] **A28**—49 Stat. 500-503.

[26] **A28**—49 Stat 501 Section 6.

[27] **Authority**: 44 U.S.C 1506; sec. 6 E.O. 10530, 19 FR 2709; 3 CFR 1954-1958 Comp., p. 189; **SOURCE**: 37 FR 23603, Nov. 4, 1972 unless otherwise noted. 50 FR 12468, Mar. 28, 1985.

clouded the perfect Legal Title of Gladden filed also into the Recording District of Bristol, Anchorage, Alaska by Operation of Law.

e.      Therefore, Gladden does submit for the United States employees or agents to provide a "Proof of Claim[28]" for said **NFTL with SN 378449607** in compliance with in particular the Public Statute of the United States codified at 26 U.S.C. § 6203 for "assessment" and the Federal Register Act of 1935 at 49 Stat. 500-503.

f.      This **NFTL with SN 378449607** does cloud the perfect Legal Title that Gladden has for the **Private Property**, wherein this Court should determine the validity of the Claim of the NFTL according the Public Statues of the United States and the publications in the Federal Register.

### V.  Jurisdiction of 28 U.S.C. § 2410

a.      The United States may be names a party in any civil action or suit subject to (1) to quiet title to, (2) to foreclose a mortgage or other lien upon.

b.      Gladden's **Real Property** is before this Court to clear any clouds upon the Title and to quiet the Title; and, Dillingham is attempting to foreclose liens against Gladden further clouding the Title to Gladden's **Real Property.**

c.      The interests or rights that the United States has in the **Real Property** can only be determined in this Court and therein Gladden has filed this case to quiet his perfect Legal Title to his **Real Property** including the Jurisdiction of **28 U.S.C. § 1346** and **28 U.S.C. § 1346.**

### VI.  Jurisdiction under 42 U.S.C. § 1983

a.      Gladden does hereby claim that the **NFTL with SN 378449607** is invalid and this is clouding the Perfect Legal Title of Gladden's to the **Private Property**."

---

[28] Using possibly Form 4490 or by the same means as used in Bankruptcy Courts.

b.      Gladden does hereby claim that **Dillingham** is operating under color of law as a lawful and legal "legal fiction", *i.e.*, a "municipal corporation" and "first class city", does not possess the mandatory Charter, Boundaries, Ordinances to put into effect Property Taxes, Personal Taxes and a Sales Tax.

d.      **Dillingham** does legislate for the particular class being "citizens of the United States."

e.      **Dillingham** does provide "benefits" to the "citizens of the United States" that are subject to its Ordinances.

f.      **Dillingham** excludes from voting in its elections, excludes from running for Office in **Dillingham** and excludes from being a member of the municipal corporation unless you claim to be a "citizen of the United States."

g.      **Dillingham** does not have even one "public Officer" of any of the several States or of the State of Alaska that is in compliance with the Federal Constitution or the Constitution of Alaska.

h.      **Dillingham** operates in the world of commercial law and the UCC and not the constitutional Laws of Alaska.

<h3 align="center">FIRST CAUSE OF ACTION</h3>

Gladden repleads facts and allegation contain in Articles I though VI and alleges that **"R. A. Mitchell"** did under the color of law knowing confirm using her facsimile signature on **NFTL with SN 378449607** that **R. A. Mitchell** has never seen again Gladden when there was no "legal duty" established as mandated by Congress for the claimed "Assessment" on the NFTLs.

<h3 align="center">SECOND CAUSE OF ACTION</h3>

Gladden repleads all facts and allegations in the First Cause of Action and alleges that **"Regina Owens"** did under the color of law knowing confirm the using a facsimile signature to a Notice of Federal Tax Liens ("NFTLs") that **R. A. Mitchell** has never seen again Gladden when there was no "legal duty" established as mandated by Congress for the claimed "Assessment" on the NFTLs.

## THIRD CAUSE OF ACTION

Gladden repleads all the facts and allegations in the Second Cause of Action and alleges that **"R. A. Mitchell"** did under the color of law participate in the creating of an invalid and fraudulent **NFTL with SN 378449607** that claiming "assessments" to deprive Gladden of his **Private Property** when there is no "legal duty" established as mandated by Congress.

## FOURTH CAUSE OF ACTION

Gladden repleads all the facts and allegations in the Third Cause of Action and alleges alleges that **"Regina Owens"** did under the color of law participate in the creating of an invalid and fraudulent **NFTL with SN 378449607** that claiming "assessments" to deprive Gladden of his **Private Property** when there is no "legal duty" established as mandated by Congress

## FIFTH CAUSE OF ACTION

Gladden repleads all the facts and allegations in the Fourth Cause of Action and alleges that **R. A. Mitchell** did under the color of law knowingly and wantonly not take judicial Notice of the Public Statute of the United States at 68 Stat. 767-68[29].

## SIXTH CAUSE OF ACTION

Gladden repleads all the facts and allegations in the Fifth Cause of Action and alleges that **Regina Owens** did under the color of law knowingly and wantonly not take judicial Notice of the Public Statute of the United States at 68 Stat. 767-68[30].

## SEVENTH CAUSE OF ACTION

Gladden repleads all the facts and allegations in the Sixth Cause of Action and alleges that **R. A. Mitchell** did under the color of law knowingly and wantonly not put into effect the Public Statute of the United States 68 Stat. 767-68[31], *i.e.*, *ut res magis valeat quam pereat* (Statutes of the United States are to be given effect.)

## EIGHTH CAUSE OF ACTION

Gladden repleads all the facts and allegations in the Seventh Cause of Action and alleges that **Regina Owens** did under the color of law knowingly and wantonly not put into effect the Public Statute of the United States 68 Stat. 767-68[32], *i.e.*, *ut res magis valeat quam pereat* (Statutes of the United States are to be given effect.)

## NINTH CAUSE OF ACTION

Gladden repleads all the facts and allegations in the Eighth Cause of Action and alleges that **R. A. Mitchell** did under the color of law knowingly and wantonly not take judicial Notice of the Public Statute of the United States at 49 Stat. 500-503—Federal Register Act of 1935.

## TENTH CAUSE OF ACTION

---

[29] 26 U.S.C. § 6203—Assessment.

[30] 26 U.S.C. § 6203—Assessment.

[31] 26 U.S.C. § 6203—Assessment.

[32] 26 U.S.C. § 6203—Assessment.

Gladden repleads all the facts and allegations in the Ninth Cause of Action and alleges that **Regina Owens** did under the color of law knowingly and wantonly not take judicial Notice of the Public Statute of the United States at 49 Stat. 500-503—Federal Register Act of 1935.

### ELEVENTH CAUSE OF ACTION

Gladden repleads all the facts and allegations in the Tenth Cause of Action and alleges that **R. A. Mitchell** did under the color of law knowingly and wantonly not put into effect the Public Statute of the United States 49 Stat. 500-503, *i.e.*, *ut res magis valeat quam pereat* (Statutes of the United States are to be given effect.).

### TWELFTH CAUSE OF ACTION

Gladden repleads all the facts and allegations in the Eleventh Cause of Action and that **Regina Owens** did under the color of law knowingly and wantonly not put into effect the Public Statute of the United States 49 Stat. 500-503, *i.e.*, *ut res magis valeat quam pereat* (Statutes of the United States are to be given effect.).

### THIRTEENTH CAUSE OF ACTION

Gladden repleads all the facts and allegations in the Twelfth Cause of Action and alleges that **R. A. Mitchell** did under the color of law knowingly and wantonly not put into effect the Public Statute of the United States 49 Stat. 501 Sec. 6 - "The committee shall prescribe, with the approval of the President, regulations for carrying out the provisions of this Act" that empowered the Administrative Committee, which were published by the Administrative Committee on November 4th, 1972 in the Federal Register at 37 FR 23602 (1 CFRs sections 1.1—22.7) as amended, *i.e.*, *ut res magis valeat quam pereat* (Statutes of the United States are to be given effect.).

## FOURTEENTH CAUSE OF ACTION

Gladden repleads all the facts and allegations in the Twelfth Cause of Action and alleges that **Regina Owens** did under the color of law knowingly and wantonly not put into effect the Public Statute of the United States 49 Stat. 501 Sec. 6 - "The committee shall prescribe, with the approval of the President, regulations for carrying out the provisions of this Act" that empowered the Administrative Committee, which were published by the Administrative Committee on November 4th, 1972 in the Federal Register at 37 FR 23602 (1 CFRs sections 1.1—22.7) as amended, *i.e.*, *ut res magis valeat quam pereat* (Statutes of the United States are to be given effect.).

## FOURTEENTH CAUSE OF ACTION

Gladden repleads all the facts and allegations in the Thirteenth Cause of Action and alleges that **R. A. Mitchell** did under the color of law knowingly and wantonly not put into effect the Public Statute of the United States 49 Stat. 501 Sec. 6, *i.e.*, 37 FR 23602 as amended specifically 1 CFR § 21.43 that the statutory authority of 68 Stat. 767-68[33] that "assessment" regulations must be published behind the Table of Contents identifying that specific statutory authority of 68 Stat. 767-68[34], *i.e.*, *ut res magis valeat quam pereat* (Statutes of the United States are to be given effect.).

## FIFTEENTH CAUSE OF ACTION

Gladden repleads all the facts and allegations in the Fourteenth Cause of Action and alleges that **Regina Owens** did under the color of law knowingly and wantonly not put into effect the Public Statute of the United States 49 Stat. 501 Sec. 6, *i.e.*, 37 FR

---

[33] 26 U.S.C. § 6203—Assessment.

[34] 26 U.S.C. § 6203—Assessment.

23602 as amended specifically 1 CFR § 21.43 that the statutory authority of 68 Stat. 767-68[35] that "assessment" regulations must be published behind the Table of Contents identifying that specific statutory authority of 68 Stat. 767-68[36], *i.e.*, *ut res magis valeat quam pereat* (Statutes of the United States are to be given effect.).

### SIXTEENTH CAUSE OF ACTION

Gladden repleads all the facts and allegations in the Fifteenth Cause of Action and alleges that **R. A. Mitchell** did under the color of law knowingly and wantonly not take judicial Notice that the Public Statute of the United States 68 Stat. 767-68[37], *i.e.*, *ut res magis valeat quam pereat* (Statutes of the United States are to be given effect.) that there are absolutely NO regulations promulgated after the Table of Contents as mandated by 1 CFR § 21.43, 49 Stat. 500-503 and 68 Stat. 767-68[38] for "assessment."

### SEVENTEENTH CAUSE OF ACTION

Gladden repleads all the facts and allegations in the Sixteenth Cause of Action and alleges that **Regina Owens** did under the color of law knowingly and wantonly not take judicial Notice that the Public Statute of the United States 68 Stat. 767-68[39], *i.e.*, *ut res magis valeat quam pereat* (Statutes of the United States are to be given effect.) that there are absolutely NO regulations promulgated after the Table of Contents as mandated by 1 CFR § 21.43, 49 Stat. 500-503 and 68 Stat. 767-68[40] for "assessment."

---

[35] 26 U.S.C. § 6203—Assessment.

[36] 26 U.S.C. § 6203—Assessment.

[37] 26 U.S.C. § 6203—Assessment.

[38] 26 U.S.C. § 6203—Assessment.

[39] 26 U.S.C. § 6203—Assessment.

[40] 26 U.S.C. § 6203—Assessment.

## EIGHTEENTH CAUSE OF ACTION

Gladden repleads all the facts and allegations in the Seventeenth Cause of Action and alleges that **R. A. Mitchell** did under the color of law knowingly and wantonly not take judicial Notice that the Public Statute of the United States 68 Stat. 732-633[41] as amended by the Public Statues of the United States *i.e.*, *ut res magis valeat quam pereat* (Statutes of the United States are to be given effect.) that there are absolutely NO regulations promulgated after the Table of Contents as mandated by 1 CFR § 21.43, 49 Stat. 500-503 and 68 Stat. 732-633[42] for "returns" (Form 1040 with OMB 1545-0074), for "internal revenue districts" and "district directors."

## NINETEENTH CAUSE OF ACTION

Gladden repleads all the facts and allegations in the Eighteenth Cause of Action and alleges that **Regina Owens** did under the color of law knowingly and wantonly not take judicial Notice that the Public Statute of the United States 68 Stat. 732-633[43] as amended by the Public Statues of the United States *i.e.*, *ut res magis valeat quam pereat* (Statutes of the United States are to be given effect.) that there are absolutely NO regulations promulgated after the Table of Contents as mandated by 1 CFR § 21.43, 49 Stat. 500-503 and 68 Stat. 732-633[44] for "returns" (Form 1040 with OMB 1545-0074), for "internal revenue districts" and "district directors."

## TWENTIETH CAUSE OF ACTION

---

[41] 26 U.S.C. § 6011,6012—Returns, Internal Revenue Districts, District Directors
[42] 26 U.S.C. § 6011,6012—Returns, Internal Revenue Districts, District Directors.
[43] 26 U.S.C. § 6011,6012—Returns, Internal Revenue Districts, District Directors
[44] 26 U.S.C. § 6011,6012—Returns, Internal Revenue Districts, District Directors.

Gladden repleads all the facts and allegations in the Nineteenth Cause of Action and alleges **R. A. Mitchell** knowingly and wantonly with her facsimile signature attached to **NFTL with SN 378449607** filed into the Recording District of Bristol Bay, Anchorage, Alaska clouding the perfect Legal Title of Gladden filed also into the Recording District of Bristol, Anchorage, Alaska.

### TWENTY-FIRST CAUSE OF ACTION

Gladden repleads all the facts and allegations in the Twentieth Cause of Action and alleges **Regina Owens** did knowingly and wantonly claim Assessments in **NFTL with SN 378449607** against and cause this **NFTL** to be filed into the Recording District of Bristol Bay, Anchorage, Alaska clouding the perfect Legal Title of Gladden filed also into the Recording District of Bristol, Anchorage, Alaska.

### TWENTY-SECOND CAUSE OF ACTION

Gladden repleads all the facts and allegations in the Twenty-First Cause of Action and alleges **Dillingham** does not possess **"Exhibit A attached" to Dillingham's Ordinance "Serial No. 77-10"** was Adopted July 7, 1977 signed by "Freeman A. Roberts, Mayor" as evidenced by the true and correct copy obtained from the custodian of the records in **Dillingham**, being **Attachment 6.**

### TWENTY-THIRD CAUSE OF ACTION

Gladden repleads all the facts and allegations in the Twenty-Second Cause of Action and alleges **Dillingham** does knowingly and wantonly proceed against Gladden refused to disclose the purported "legal duty" in **"Exhibit A attached" to Dillingham's Ordinance "Serial No. 77-10"** was Adopted July 7, 1977 signed by "Freeman A. Roberts, Mayor"

as evidenced by the true and correct copy obtained from the custodian of the records in **Dillingham**, being **Attachment 6.**

### TWENTY-FOURTH CAUSE OF ACTION

Gladden repleads all the facts and allegations in the Twenty-Third Cause of Action and alleges that **Dillingham** does knowingly and wantonly proceed against Gladden refused to disclose the purported "law" that would create a "legal duty" for Gladden for "property taxes" in **"Exhibit A attached" to Dillingham's Ordinance "Serial No. 77-10"** was Adopted July 7, 1977 signed by "Freeman A. Roberts, Mayor" as evidenced by the true and correct copy obtained from the custodian of the records in **Dillingham**, being **Attachment 6.**

### TWENTY-FIFTH CAUSE OF ACTION

Gladden repleads all the facts and allegations in the Twenty-Fourth Cause of Action and alleges that **Dillingham** does knowingly and wantonly proceed against Gladden refused to disclose the purported "law" that would create a "legal duty" for Gladden for "sales taxes" in **"Exhibit A attached" to Dillingham's Ordinance "Serial No. 77-10"** was Adopted July 7, 1977 signed by "Freeman A. Roberts, Mayor" as evidenced by the true and correct copy obtained from the custodian of the records in **Dillingham**, being **Attachment 6.**

### TWENTY-FIFTH CAUSE OF ACTION

Gladden repleads all the facts and allegations in the Twenty-Fourth Cause of Action and alleges that **Dillingham** does knowingly and wantonly proceeding against Gladden refusing to disclose the lawful and legal vote for a "sales tax" in 1972 (Ch 118 SLA 1972) or in 1977 for Serial Number 77-10 Exhibit A Attached that would create a

"legal duty" for Gladden for "sales taxes."

## TWENTY-SIXTH CAUSE OF ACTION

Gladden repleads all the facts and allegations in the Twenty-Fifth Cause of Action and alleges **Dillingham** knowingly and wantonly is attempting to take possession of Gladden's **Private Property by force and threats** against Gladden while refusing to disclose the purported "law" that would create a "legal duty" for Gladden for "sales taxes" in "**Exhibit A attached" to Dillingham's Ordinance "Serial No. 77-10"** was Adopted July 7, 1977 signed by "Freeman A. Roberts, Mayor" as evidenced by the true and correct copy obtained from the custodian of the records in **Dillingham**, being **Attachment 6.**

## TWENTY-SEVENTH CAUSE OF ACTION

Gladden repleads all the facts and allegations in the Twenty-Sixth Cause of Action and alleges Gladden repleads all the facts and allegations in the Twenty-Fifth Cause of Action and alleges **Dillingham** knowingly and wantonly is attempting to take possession of Gladden's **Private Property by force and threats** against Gladden while refusing to disclose the purported "law" that would create a "legal duty" for Gladden for "property tax" in "**Exhibit A attached" to Dillingham's Ordinance "Serial No. 77-10"** was Adopted July 7, 1977 signed by "Freeman A. Roberts, Mayor" as evidenced by the true and correct copy obtained from the custodian of the records in **Dillingham**, being **Attachment 6.**

## TWENTY-EIGHTH CAUSE OF ACTION

Gladden repleads all the facts and allegations in the Twenty-Seventh Cause of Action and alleges **Dillingham** knowingly and wantonly limits the elections to a specific

class who are "citizens of the United States."

## TWENTY-EIGHTH CAUSE OF ACTION

Gladden repleads all the facts and allegations in the Twenty-Seventh Cause of Action and alleges **Dillingham** knowingly and wantonly does preclude citizens of the several States from elections unless they declare under the penalties of perjury that they are "citizens of the United States."

## TWENTY-NINTH CAUSE OF ACTION

Gladden repleads all the facts and allegations in the Twenty-Eighth Cause of Action and alleges **Dillingham** knowingly and wantonly proceeds without any "public Officers" of the State of Alaska against Gladden.

## TWENTY-NINTH CAUSE OF ACTION

Gladden repleads all the facts and allegations in the Twenty-Eighth Cause of Action and alleges

## THIRTIETH CAUSE OF ACTION

Gladden repleads all the facts and allegations in the Twenty-Ninth Cause of Action and alleges **Donald I. Moore** is operating under color of law as a public Officer in **Dillingham** having none of the mandatory requirements of a bona fide "public officer.'

## THIRTY-FIRST CAUSE OF ACTION

Gladden repleads all the facts and allegations in the Thirtieth Cause of Action and alleges **Donald I. Moore** under Color of law is knowingly and wantonly threatening Gladden and using the "force" or threats of force against Gladden to take possession of Gladden's **Private Property** by using the resources of **Dillingham.**

## THIRTY-SECOND CAUSE OF ACTION

Gladden repleads all of the facts and allegation in the Thirty-First Cause of Action and alleges that **Donald I. Moore** is knowingly and wantonly proceeding against Gladden refused to disclose the purported "law" that would create a "legal duty" for Gladden for "property taxes" in **"Exhibit A attached" to Dillingham's Ordinance "Serial No. 77-10"** was Adopted July 7, 1977 signed by "Freeman A. Roberts, Mayor" as evidenced by the true and correct copy obtained from the custodian of the records in **Dillingham**, being **Attachment 6.**

### THIRTY-THIRD CAUSE OF ACTION

Gladden repleads all of the facts and allegation in the Thirty-Second Cause of Action and alleges that **Donald I. Moore** is knowingly and wantonly proceeding against Gladden refused to disclose the purported "law" that would create a "legal duty" for Gladden for "Sales taxes" in **"Exhibit A attached" to Dillingham's Ordinance "Serial No. 77-10"** was Adopted July 7, 1977 signed by "Freeman A. Roberts, Mayor" as evidenced by the true and correct copy obtained from the custodian of the records in **Dillingham**, being **Attachment 6.**

### THIRTY-FOURTH CAUSE OF ACTION

Gladden repleads all of the facts and allegation in the Thirty-Third Cause of Action and alleges that **Donald I. Moore** is knowingly and wantonly distributing Notices attacking the character and honor of Gladden in **Dillingham** including the persons that are occupying Gladden's **Private Property.**

**Gladden reserves the right to Amend this Quiet Title and Complaint as he is without assistance of counsel and this was prepared in great haste do to the threats by Dillingham and Donald I. Moore.**

## REMEDY

**WHEREFORE,** Gladden seeks and prays for judgment and damages as follows:

A)     Actual damages in the amount to be determined later; and,

B)     General damages in the amount to be determined later; and,

C)     Compensatory Damages in the amount to be determined later; and,

D)     Special Damages in the form of filing fees, mailing, and process fees; and,

E)     Punitive Damages in the sum of ten million dollars and to be adjusted by jury of my peers for the intentional, willful, wanton and malicious actions of the Defendants; and,

F)     All other just relief as the Court may deem appropriate.


My Hand,

David Gary Gladden

### Certification:
I certify that a true an correct copy of this Quiet Title and Complaint with Attachments

**City of Dillingham**
141 Main Street
P.O. Box 889
Dillingham, Alaska 99576
907-842-5211

**Donald I Moore**
**City of Dillingham**
141 Main Street
P.O. Box 889
Dillingham, Alaska 99576
907-842-5211

**Attorney General of the United States**
**Eric Holder**
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
202-353-1555


**U.S. District Attorney Alaska**
Karen L. Loeffler
Federal Bldg. & U.S. Courthouse
222 West 7th Ave., #9 Room 253
Anchorage, Alaska 99513-7567
907-271-5071 phone
907-271-3224 fax


Date _December 3, 2010_

_David Gary Doolden_
        Signature